USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: AUG 2 5 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEE E. BUCHWALD, as Trustee For Magnesium
Corporation of America and Related Debtor, Renco
Metals, Inc.,

                       Plaintiff,

      -v-

THE RENCO GROUP, INC., et al.,

                       Defendants.
------------------------------------------------------------X

13-cv-7948 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Defendants have moved for a protective order preventing the Trustee from compelling trial testimony during his case in chief from certain individuals beyond the Court's subpoena power. The parties agree that five of these witnesses are critical to the Trustee's case,[1] and Defendants indicate that they "presently intend" to call these five witnesses during trial to testify during their own case in chief. Def. Br. at 2–3. Despite the fact that these witnesses will therefore be present at trial, Defendants invoke Federal Rule of Civil Procedure 45(c)(1), which bars district courts from commanding trial attendance by anyone who lives and works more than 100 miles away, to argue that the Trustee should be limited to introducing these witnesses' testimony through deposition and cross-examination. The Court disagrees and therefore denies Defendants' motion.

---

[1] These five witnesses are Michael Legge, Ron Thayer, Tom Tripp, Howard Kaplan, and Todd Ogaard. *See* Trustee Opp. at 5–7. Legge, Thayer, Kaplan, and Ogaard are Defendants; Tripp is not a Defendant but works for a subsidiary of The Renco Group and has knowledge of the events at issue in this case. *Id.* All five of these individuals live and work in either Utah or Nevada. Def. Br. at 4. Although the Court assumes that the instant motion relates primarily to these individuals, the conclusions in this opinion are applicable to any witness beyond the Court's subpoena power from whom Defendants intend to elicit live testimony during their case in chief.

Given that the five witnesses will already be bearing the burden and expense of traveling to New York for trial (to testify in Defendants' case), the evident purpose of Defendants' motion is to prevent the Trustee from making his case as effectively as possible. Courts have properly denounced this strategy as "gamesmanship." As Judge Cote put it in a similar context:

> [A]lthough the testimony of these two witnesses is critical to the jury's understanding of the issues, SGS wishes to hold back their live testimony, from which the jury will be able to evaluate their demeanor and better assess their credibility, until its own case. This gamesmanship will not assist the ascertainment of truth and will needlessly consume the jury's time by requiring Maran to read to the jury the witnesses' deposition testimony.

*Maran Coal Corp. v. Societe Generale de Surveillance S.A.*, No. 92-cv-8728 (DLC), 1996 U.S. Dist. LEXIS 172, at *4–5 (S.D.N.Y. Jan. 9, 1996) (footnote omitted).

To prevent unfairness and avoid wasting time, numerous courts have held that a party may not limit a witness that the party intends to call at trial from testifying only during its own case in chief. Instead, the party must either permit its opponent to directly examine the witness, so that both parties may elicit the witness's live testimony during their cases in chief, or rely itself on the witness's deposition testimony, so that neither party may elicit the witness's live testimony during its case in chief. *See R.B. Matthews, Inc. v. Transam. Transp. Servs., Inc.*, 945 F.2d 269, 273 (9th Cir. 1991) ("By denying RBM's requests to produce Reed and White as live witnesses, TTS engaged in gamesmanship, forcing RBM to rely on depositions. The district court did not abuse its discretion when it forced TTS to rely on deposition testimony as well."); *Maran Coal Corp.*, 1996 U.S. Dist. LEXIS 172, at *7 ("[D]efendants must produce Messrs. Chati and Walker for plaintiff's case or be precluded from calling them as live witnesses in their own case."); *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 776 F. Supp. 838, 839 (S.D.N.Y. 1991) (Mukasey, J.) ("If [the witness] elects to absent himself during plaintiffs' case, he will not

testify at all, and plaintiffs will be free to comment upon his absence."); *Iorio v. Allianz Life Ins. Co.*, No. 05-cv-633, 2009 U.S. Dist. LEXIS 97617, at *19 (S.D. Cal. Oct. 21, 2009) ("[I]f Plaintiffs are forced to show the videotaped depositions or read the transcript into the record of any of the movants in this action because Defendants have failed to produce them, Defendants will thereafter be precluded from producing the same witnesses in person."). Courts have found support for this approach in Federal Rule of Evidence 611(a), which gives district courts authority to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence," as well as Federal Rule of Civil Procedure 1, which states that the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." *See, e.g.*, *Maran Coal Corp.*, 1996 U.S. Dist. LEXIS 172, at *4, *7. The Trustee asks the Court to take the same approach here and put Defendants to the choice of letting the Trustee elicit live testimony from the five witnesses or instead forcing both parties to rely on the witnesses' depositions. Trustee Opp. at 12.

In this case, the Court agrees with the above-cited cases and grants the Trustee's request. Any witnesses that Defendants intend to examine live at trial must be made available to testify during the Trustee's case; if any of these witnesses is unavailable to testify live at the time directed by the Court, then both the Trustee and Defendants will be limited to the use of that witness's deposition testimony. In light of the importance that each side attaches to the witnesses in question and the preference for live testimony dictated by both common sense and Second Circuit case law, *see Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) ("The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand."), the Court hopes and expects that Defendants will opt to make the witnesses available for trial. However, to spare the witnesses the burden of remaining at trial for any longer than

3

necessary, the Court intends to structure trial such that each witness will take the stand only once, at which time both the Trustee and Defendants will have the opportunity to elicit their testimony for their cases in chief.

Contrary to Defendants' suggestion, nothing in Rule 45(c)(1) prohibits this course of action. Rule 45(c)(1) prohibits subpoenas commanding a person to attend trial unless that person "resides, is employed, or regularly transacts business in person" within 100 miles of the trial. Accordingly, were the Trustee seeking to subpoena witnesses outside of a 100-mile radius to compel them to testify at trial, the plain language of the Rule would likely require the Court to quash any such subpoena upon appropriate motion by Defendants—as the many cases cited by Defendants establish. Defendants, moreover, are correct that this rule does not depend on whether the subpoenaed witnesses plan to testify in Defendants' case in chief. Def. Reply at 2–3. But the Trustee has represented that he "has no intention of serving trial subpoenas on witnesses who live in Utah." Trustee Opp. at 1. Thus, at core, the parties are debating the very different issue of a court's authority to control the testimony of witnesses who will already be at trial. This straightforward distinction is highlighted by a recent case from the Southern District of California, in which the court (1) quashed the plaintiffs' subpoenas seeking to compel testimony by witnesses outside a 100-mile radius and (2) held that those witnesses could not testify in the defendants' case in chief if they were not also made available for the plaintiffs' case in chief. *See Iorio*, 2009 U.S. Dist. LEXIS 97617, at *10–19. In short, consistent with Rule 45(c)(1), this Court cannot *compel* the five witnesses in question to testify at trial, but the Court does have authority under Rule 611(a) to prevent those witnesses from testifying for Defendants if they are not made available to testify for the Trustee.

Defendants' briefing also relentlessly invokes certain amendments made to Rule 45(c)(1) in 2013. These amendments resolved a split among courts at the time and clarified that the rule against compelling trial testimony from individuals outside a 100-mile radius applied to parties and their officers as well as non-parties. *See* Fed. R. Civ. P. 45, Advisory Committee Note (2013 Amendment); *Dietz v. Spangenberg*, No. 11-cv-2600, 2014 U.S. Dist. LEXIS 17046, at *9–11 (D. Minn. Feb. 11, 2014). But the 2013 amendments to Rule 45(c)(1) are entirely irrelevant to the instant motion. It is true that some individuals are beyond the Court's subpoena power, just as it was true before the amendments; the only difference, post-amendment, is the set of individuals fitting that description. As a consequence, pre-amendment cases addressing what happens when a witness beyond the court's subpoena power plans to attend trial to testify for only one side are in no way undermined by the amendments. Contrary to Defendants' assertion, Def. Br. at 10–11, those cases *assume* that the witness in question cannot be subpoenaed under Rule 45(c)(1). *See Maran*, 1996 U.S. Dist. LEXIS 172, at *7 (assuming that the only way witnesses would be present at trial would be if the party controlling them produced them); *Gulf Oil*, 776 F. Supp. at 839 (assuming that witness could choose whether to be present). The *reason* that the witness cannot be subpoenaed is beside the point.

* * *

To summarize: Defendants' motion for a protective order preventing the Trustee from compelling trial testimony during his case in chief from witnesses beyond the Court's subpoena power is DENIED. Instead, any such witness from which Defendants wish to elicit live testimony must be made available to testify in the Trustee's case in chief. If Defendants would prefer that the witnesses remain at home, both sides will offer their testimony by deposition. (The Court strongly encourages Defendants not to insist on this approach.) However, the

5

Court—implementing its standard trial practices—will structure trial so that, if feasible and fair, witnesses need only take the stand once.

This resolves Docket No. 24.

SO ORDERED.

Dated: August 22, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge