UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEE E. BUCHWALD, as Chapter 7 Trustee for Magnesium Corporation of America and Related Debtor Renco Metals, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> THE RENCO GROUP, INC., et al., <br><br> Defendants. | No. 13 Civ. 7948 (AJN) |

# DEFENDANTS' RESPONSE TO THE TRUSTEE'S PROFFER REGARDING CERTAIN PHOTOGRAPHS

KAYE SCHOLER LLP
Attorneys for Defendants
250 West 55th Street
New York, New York  10019
(212) 836-8000
peter.haveles@kayescholer.com

PARK JENSEN BENNETT LLP
40 Wall Street
New York, New York  10005
(646) 200-6300
tpark@parkjensen.com
Attorneys for Defendants

Defendants submit this proffer in response to the Court's direction at the December 19, 2014 pre-trial conference and the Order of the Court dated December 23, 2014 related to Defendants' motion in limine to exclude certain photographs, including: Exhibits 2387, 2407, 2409-13, 2414-15, 2417, 2419, 2420, 2423, 2427, 2429, 2437, 2447, 2464, 2467, and 2470. The court stated that "there may not be, from what [the Trustee] proffered, a sufficient foundation as to the fairness and accuracy of the pictures taken at so much later a time based on what I've heard, my preliminary view," 12/19 Hearing Tr. at 13, but reserved a final decision "subject to a proffer from Plaintiff establishing foundation." 12/23 Order (Dkt. 175) at 1.

The Trustee has made such a proffer. That proffer fails to address the photographs' evidentiary shortcomings. Despite multiple opportunities, the Trustee does not identify the necessary evidence required to provide the proper foundation.

## ARGUMENT

For each of the photographs, the Trustee must come forward with "evidence, usually in the form of testimony, that they depict substantially the same conditions as existed during the time at issue." 12/19 Hearing Tr. at 13 (citing Berkovich v. Hicks, 922 F.2d 1018, 1024-25 (2d. Cir. 1991) (holding that photographs of street signs were not probative of the location of street signs four and one-half years earlier).

First, the Trustee states that one of his experts, John Veranth, will establish the foundation for the various photographs. See Trustee's Proffer at 2. Yet, the Trustee does not address how Dr. Veranth can verify that the photographs depict the conditions as they existed during the time at issue. In fact, by his own admission, once he resigned from his job at Magcorp in 1986, he made no visit to the Rowley site until a site visit in his capacity as an expert in August 2011. See Veranth Report at 13. As a result, Dr. Veranth lacks the personal

knowledge to be able to lay a foundation that the photographs depict the same condition that existed in 1996, some ten years after Dr. Veranth left Magcorp.

Contrary to the Trustee's suggestion, see Trustee's Proffer at 2, Dr. Veranth cannot state what existed as of 1996. These photographs encompass a condition unique to the moment in time that they were taken. For example, the Trustee states that Dr. Veranth will testify about the location, nature and composition of the smut piles and that the production processes are unchanged to establish foundation for Exhibit 2420. See id. at 6-7. Exhibit 2420, however, encompasses much of the facility, and such testimony cannot verify that the buildings, vehicles, storage containers or even the smut piles themselves are as they would have appeared during the 1996 to 1998 timeframe.

Similarly, the Trustee asserts that Dr. Veranth will testify that the chlorine ditch depicted in Exhibits 2423 and 2427 is in the same location as it was in the 1980s. Id. at 7. However, the point of the photographs is not the ditch's location – it is to show the condition of the ditches, and Dr. Veranth is unable to testify about how they appeared in the mid-1990s.

The Trustee has the same problem with each of the other photographs. Dr. Veranth is incompetent to testify as to the foundation of these photographs.

The Trustee also postulates that Messrs. Tripp and Thayer will lay the foundation. He makes this assertion without any evidentiary support. See id. at 4-5, 7 &10. Instead, the Trustee merely presumes that each individual will do so. For example, with respect to Exhibit 2429, the Trustee asserts ipse dixit that he "expects that Tom Tripp will testify consistently with his deposition that the landfill (although expanding) has been located in the same area where he drew its outlines on an aerial photograph (Trial Exhibit 2121 listed without objection from Defendants) since at least the 1990s." Id. at 8 (parenthetical in original). However, the Trustee's

Exhibit 2121 (to which defendants have not objected) is an aerial photo of the entire Rowley facility, while Exhibit 2429 is a ground-level photograph of the active waste pond. Therefore, Mr. Tripp's testimony regarding the former photograph is not a proxy for testimony as to another, wholly different depiction.[1] Given the speculative nature of the Trustee's argument, at this time, the Court should stand by its initial ruling as to these photographs, and wait to see whether the Trustee can actually establish the foundation that is the subject of his speculation.

Rather than address the pertinent foundational questions, the Trustee opines on the relevance of the photographs in question. The Trustee uses his proffer to argue the value of the photographs, stating at least six times how individual photographs will "help" or "assist the jury" to "understand" or "visualize" various points, in a hope that he will not be held to his evidentiary burden. Id. at 3-5 & 7-9. For Exhibits 2464, 2467, and 2470, the Trustee simply states that the photographs show the location of the facility without stating how he will establish their foundation. Id. at 10-11; see also id. at 5. Those arguments, however, merely beg the question, as relevance is not the issue.

---

[1] The Trustee questioned Mr. Tripp about Exhibit 2121 photograph during the August 10, 2011 deposition. Tripp Dep. Tr. at 81-93. The Trustee could have also shown the other photographs to Mr. Tripp to establish their foundation during Mr. Tripp's deposition, which occurred more than a week after the photographs were taken. The Trustee elected not to do so. The Trustee also decided not to ask Mr. Thayer about these photographs during his deposition, which occurred on August 17, 2011.

3

## CONCLUSION

For the foregoing reasons, this Court should bar the Trustee from offering the photographs marked as Exhibits 2387, 2407, 2409-13, 2414-15, 2417, 2419, 2420, 2423, 2427, 2429, 2437, 2447, 2464, 2467, and 2470 into evidence due to their lack of foundation.

Dated: New York, New York
January 16, 2015

KAYE SCHOLER LLP

By: _____
H. Peter Haveles, Jr.
Jeffrey A. Fuisz
250 West 55th Street
New York, New York 10019-9710
(212) 836-8000
peter.haveles@kayescholer.com

PARK JENSEN BENNETT LLP
Tai H. Park
Steven C. Bennett
40 Wall Street, 41st Floor
New York, New York 10005
Telephone: (646) 200-6300
Fax: (646) 200-6301
tpark@parkjensen.com

Attorneys for Defendants

4