**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------- X
                                                            :
                                                            :
LEE E. BUCHWALD, as Chapter 7 Trustee for          :     Case No. 1:13-CV-07948-AJN
Magnesium Corporation of America and Related      :
Debtor, Renco Metals, Inc.,                                :
                                                            X
                                                            :
                    Plaintiff,                              :     **PLAINTIFF'S PROPOSED**
                                                            :     **REQUESTS TO CHARGE**
                                                            :     **AND PROPOSED**
                    vs.                                     X     **MODIFICATIONS TO**
                                                            :     **DRAFT REQUESTS TO**
                                                            :     **CHARGE**
                                                            :
THE RENCO GROUP, INC., a Delaware                  :
corporation; … IRA LEON RENNERT;                   :
ROGER L. FAY; JUSTIN W. D'ATRI;                    :
DENNIS A. SADLOWSKI; MICHAEL C.                    :
RYAN; MICHAEL H. LEGGE; RON L.                     :
THAYER; TODD R. OGAARD; LEE R.                     :
BROWN; HOWARD I. KAPLAN; KEITH                     :
SABEL; UNIDENTIFIED TRUSTEES of                    :
Trusts Established by Ira Leon Rennert; and       :
DOES I through XX,                                         :
                                                            :
                    Defendants.                             X

-----------------------------------------------------------

## TABLE OF CONTENTS

Page

The Duty of Care ................................................................................................... 1

The Duty of Loyalty ............................................................................................... 2

Officer or Director Interested Transaction ............................................................ 4

Entire Fairness ....................................................................................................... 5

Joint and Several Liability ..................................................................................... 6

Punitive Damages .................................................................................................. 7

Claim One:  Fraudulent Transfer – Bankruptcy Code .......................................... 10

Definitions:  Insolvency and Debt ........................................................................ 11

Definition:  Contingent Liability .......................................................................... 13

Definition:  Unreasonably Small Capital ............................................................. 14

Fraudulent Conveyance – New York Law ............................................................ 15

Fraudulent Conveyance Element One:  lack of Fair Consideration ...................... 16

Fraudulent Conveyance Element Two:  Insolvency .............................................. 17

Claim Five:  Aiding and Abetting Breach of Fiduciary Duty ............................... 18

Claims Four and Five:  Statute of Limitations ..................................................... 19

Claim 6A:  Unlawful Payment of Dividends and Unlawful Stock Redemptions .. 20

Claims 6A and 6B:  Good Faith Reliance Defense ............................................... 21

Claim 6C:  Shareholder Liability for Unlawful Dividend ..................................... 22

Claim Seven:  Unjust Enrichment ......................................................................... 23

BGD-#188275-v2-Trustee_s_Proposed_Requests_to_Charge_and_Proposed_Modifiations_to_Request_to_Charge.DOCX

**I.**     **REQUESTS FOR ADDITIONAL CHARGE**

The Plaintiff respectfully submits these additional requests to charge.

**Request No.**

**THE DUTY OF CARE**

The defendants who were officers and the director of MagCorp and Renco Metals also had a duty to perform their functions in a manner they reasonably believed to be in the best interest of MagCorp and Renco Metals, and with the care that ordinarily prudent persons would reasonably be expected to exercise in a like position and under similar circumstances. This duty is called the duty of care.

The duty of care requires officers and directors to act diligently and prudently in managing the company's affairs, to pay attention and to inform themselves fully and in a deliberate manner, actively to participate in board discussions, to use reasonable and independent judgment, and requires that a director inform himself of all material information reasonably available before voting on a transaction.

Authority:     ABA Model Jury Instructions, Business Torts Litigation (Fourth Edition 2005); *In re Autobacs Strauss, Inc*., 473 B.R. 525, 560 (D. Del. 2012).

**Request No.**

**THE DUTY OF LOYALTY**

The defendants who were officers and the director of MagCorp and Renco Metals also owed a duty of undivided and unqualified loyalty to MagCorp and to Renco Metals.

The duty of loyalty means essentially that fiduciaries such as the defendants may not put their own personal interests ahead of those of MagCorp and Renco Metals — neither in their dealings with the company nor in their dealings with others. Those defendants were required as a result of this duty of loyalty to exercise the utmost good faith in furthering the interests of MagCorp and Renco Metals and conserving their property.

Pursuant to the duty of loyalty, a company's officers and directors are not permitted to use their position of trust and confidence to further their private interests. The duty of loyalty demands of a company's officer or director the most scrupulous observance of his duty, not only affirmatively to protect the interests of the company committed to his charge, but also to refrain from doing anything that would work injury to the company, or to deprive it of profit or advantage which his skill and ability might properly bring to it. The rule that requires an undivided and unselfish loyalty to the company demands that there be no conflict between duty and self-interest.

A corporate fiduciary fails to act in good faith, and thus fails to act with a duty of loyalty by, amongst other things, (1) intentionally acting with a purpose other than that of advancing the best interests of the corporation, (2) acting with the intent to violate applicable positive law, or (3) intentionally failing to act in the face of a known duty to act, demonstrating a conscious disregard for his responsibilities.

Authority:        ABA Model Jury Instructions, Business Torts Litigation (Fourth Edition 2005); *In re Tousa, Inc.,* 437 B.R. 447, 460 (Bankr. S.D. Fla. 2010); *Gearhart Indus. v. Smith Int'l, Inc.,* 741 F.2d 707 (5th Cir. 1984); *Horwitz v. Southwest Forest Indus., Inc.,* 604 F. Supp. 1130 (D. Nev. 1985); *Jones v. H.F. Ahmanson & Co.,* 460 P.2d 464 (Cal. 1969); *FDIC v. Schuchmann,* 235 F.3d 1217, 1223 (10th Cir. 2000); *Jarvis Christian Coll. v. Nat'l Union Fire Ins. Co.,* 197 F.3d 742, 749 (5th Cir. 1999); *GAB Bus. Servs. v. Lindsey & Newsom Claim Servs.,* 83 Cal. App. 4th 409 (Cal. Ct. App. 2000); 3 William M. Fletcher, Cyclopedia of the Law of Private Corporations § 838 (rev. perm. ed. 1986).

3

**Request No.**

**OFFICER OR DIRECTOR INTERESTED TRANSACTION**

An officer or director is interested in a transaction if he either: (1) stands on both sides of the transaction; or (2) expects to derive a personal financial benefit from the transaction.

<u>Authority</u>: *Asarco LLC v. Americas Mining Corp.,* 396 BR 278, 326 (S.D. Tex. 2008).

**Request No.**

**ENTIRE FAIRNESS**

The Plaintiff has alleged claims for breach of fiduciary duty.  Each defendant that is the subject of a claim for breach of fiduciary duty with respect to a conveyance that the Plaintiff seeks to recover, and who was interested in the conveyance as defined below, has the burden of establishing that the conveyance was entirely fair to the entity (MagCorp or Renco Metals) of which the defendant was an officer or director, and to its principal beneficiaries.

The entire fairness standard has two parts; far dealing and fair price.

Fair dealing is concerned with how a conveyance was initiated, structured, negotiated, disclosed, and how the approval of the conveyance was obtained.

Fair price is concerned with the economic and financial considerations of the conveyance, including all relevant factors:  assets, market value, earnings, future prospects, and any other elements that affect the intrinsic or inherent value of a company's stock.

Authority:  *Asarco LLC v. Americas Mining Corp.*, 396 B.R. 278, 325-329 n. 149 (SD Tex. 2008); *Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1239-1240 (Del. 2012); *In re Tronox, Inc.*, 450 B.R. 432, 439 (Bankr. S.D.N.Y. 2011).

**Request No.**

**JOINT AND SEVERAL LIABILITY**

Tortfeasors generally are jointly and severally liable for a judgment, meaning that each is responsible for the full amount regardless of their relative culpability. In this case, Defendants will be jointly and severally liable if you find that they were joint tortfeasors who caused Plaintiff's losses.

Authority:  *Sommer v. Fed. Signal Corp.,* 79 N.Y.2d 540, 556, 593 N.E.2d 1365 (N.Y. 1992); *Greenidge v. HRH Const. Corp.*, 720 N.Y.S.2d 46, 48-49 (N.Y. App. Div. 2001); General Motors LLC v. Lewis Bros., L.L.C., 2014 WL 1783607 May 5, 2014 (W.D.N.Y. 2014); 11 U.S.C. 550.

6

**Request No.**

**PUNITIVE DAMAGES**

In addition to awarding damages to compensate Plaintiff for his injuries, you may, but you are not required to, award plaintiff punitive damages if you find that the acts of a defendant that caused the injury complained of were wanton and reckless or malicious.  Punitive damages may be awarded for conduct that represents a high degree of immorality and shows such wanton dishonesty as to imply a criminal indifference to civil obligations.  The purpose of punitive damages is not to compensate the plaintiff but punish the defendant for wanton and reckless or malicious acts and thereby to discourage the defendant and other companies from acting in a similar way in the future.

An act is malicious when it is done deliberately with knowledge of the plaintiff's rights and with the intent to interfere with those rights.  An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of its affect upon the health, safety and rights of others.

In arriving at your decision as to the amount of punitive damages you should consider the nature and reprehensibility of what defendant did.  That would include the character of the wrongdoing, whether defendant's conduct demonstrated an indifference to, or a reckless disregard of, the health, safety or rights of others, whether the acts were done with an improper motive or vindictiveness, whether the acts constituted outrageous or oppressive intentional misconduct, how long the misconduct went on, defendant's awareness of what harm the misconduct caused or was likely to cause, any concealment or covering up of the wrongdoing, how often defendant had committed similar acts of this type in the past, and the actual and potential harm created by defendant's misconduct.

7

Punitive damages against a corporation may be sustained even where the corporation has not explicitly ratified the activities, so long as the alleged misconduct occurred within the scope of the corporation's business and where the award would advance the goal of deterring wrongful conduct by motivating the corporation to adequately supervise its employees.

<u>Authority</u>:  N.Y.PJI 2:278; *Walker v. Shelton*, 10 N.Y.2d 401, 223 N.Y.S.2d 488, 179 N.E.2d 497; *Giblin v. Murphy*, 73 N.Y.2d 769, 536 N.Y.S.2d 54, 532 N.E.2d 1282; *Swersky v. Dreyer & Traub*, 219 A.D.2d 321, 643 N.Y.S.2d 33.

In addition to the foregoing additional requests, the Plaintiff also requests the following revisions to the Draft Jury Charges Version 1.

## II.      REQUESTED REVISIONS TO DRAFT JURY CHARGES

## CLAIM ONE: FRAUDULENT TRANSFER – BANKRUPTCY CODE

Plaintiff requests that the instruction add Ira Rennert, as the Plaintiff alleged a fraudulent conveyance claim against Mr. Rennert in the complaint.  See Complaint pp. 132-133; Count 29; Joint Pretrial Report, p. 7, Part IV.A.1(i).  Mr. Rennert may be liable as the person for whose benefit the transfers were made.  11 U.S.C. § 550; *Boyer v. Belavilas*, 474 F.3d 375, 377 (7th Cir. 2007).

In addition, Plaintiff requests that the phrase "far less than" in the third and fourth paragraphs be replaced with "disproportionately small compared to." *Schneider v. Barnard*, 508 B.R. 533, 539 (Bankr. E.D.N.Y. 2014); *In re Bennett Funding Group, Inc.*, 232 B.R. 565, 572 (Bankr. N.D.N.Y. 1999).   The phrase "far less than" overstates the extent of the difference in value that must be demonstrated to find the lack of reasonably equivalent value.

## **DEFINITIONS: INSOLVENCY AND DEBT**

Plaintiff requests that, in the second paragraph and second sentence, after the word "manner" the phrase "between a willing buyer and seller with all relevant information," should be included. *In re Coated Sales, Inc*., 144 B.R. 663, 668 (Bankr. S.D.N.Y. 1992).

Also, in the last paragraph, before the last sentence, the Plaintiff believes the following sentence should be added.  "While the solvency of Magnesium Corporation and Renco Metals must be determined as of the date of the transfer, you may consider evidence after the date of the transfer that demonstrates facts that were known or could have been known on the date of the transfer."  *In re Coated Sales, Inc*., 144 B.R. 663, 666-70 (Bankr. S.D.N.Y. 1992); *In re Chemical Separations Corp*., 38 B.R. 890, 895 (Bankr. E.D. Tenn. 1984); *In re Commercial Financial Services, Inc*., 350 B.R. 520, 541 n. 18 ( Bankr. N.D. Ok. 2005).  For example, the contamination from chlorinated hydrocarbons on the property existed throughout the 1990s, although little or no testing was done until after the transfer dates.  See Trial Transcript, 17 Feb. 2015 p. 2048 (same contaminants found in 2003 would have been found in same locations in '95-'98 time frame). Similarly, the Tripp memo estimating the amount of RCRA remediation costs (Exhibit 2042) can be used to demonstrate that the defendants had estimated a similar approximate value of the RCRA remediation costs in the 1996 bond offering when they stated the costs of compliance could be "material."  (Exhibit 2033).

Third, in the second paragraph, after the second sentence the Plaintiff proposes that the following sentence be included: "If an asset cannot be sold it is not counted in determining the fair value of the assets."  *Chen v. New Trend Apparel, Inc*., 8 F.Supp.3d 406, 445 (S.D.N.Y. 2014); *In re Franklin Nat. Bank Sec. Litig*., 2 B.R. 687, 711 (E.D.N.Y. 1979) aff'd sub nom.

*Corbin v. Franklin Nat'l Bank*, 633 F.2d 203 (2d Cir. 1980).  The jurors should be permitted to conclude that MagCorp or Renco Metals could not be sold, because no one would want to purchase them, whether because of the lack of technology or environmental contamination.  (See e.g. Exhibit 2206 p. 11: "We always knew the environmental issues would create an obstacle to completing a sale…."; Exhibit 2112, p. 3, questioning whether Magcorp could be sold without a technology upgrade).

Fourth, in the second paragraph's last sentence the Plaintiff requests the following clause be removed as it is superfluous: "and the evidence of the financial condition of Magcorp and Reno Metals at the time of the transfers."

Fifth, in the last paragraph's second sentence the instruction refers to Renco **<u>Group's</u>** bankruptcy, but should refer to Renco **<u>Metals</u>**.

## DEFINITION: CONTINGENT LIABILITY

First, in the first sentence the Plaintiff requests the following clause be deleted, because it is unnecessary: "which has been a central concept in this case."

Second, the last sentence in the first paragraph should be removed entirely.  The Plaintiff believes the sentence suggests that, without contingent environmental liabilities, the entities were solvent.

In the third paragraph, the Plaintiff requests that the third sentence be removed entirely. This sentence also suggests that the companies may be insolvent only if contingent liabilities are found. In addition, the sentence suggests that the environmental liabilities were in fact remote and speculative.

## Definition: Unreasonably Small Capital

The plaintiff also requests that the first paragraph include the following sentence: "The test is whether the unreasonably small capital condition and consequent cash flow problems were reasonably foreseeable when viewed objectively at the time of the transaction at issue." *In Re WRT Energy Corp.*, 282 B.R. 343, 411 (Bankr. W.D. La. 2001).

The second paragraph should also include a sentence regarding the reasonableness of management's projections: "In addition, you may consider the reasonableness of the company's financial projections and whether they were prudent at the time made." *Asarco, LLC, So. Peru Holdings, LLC v. America's Mining Corp.*, 396 B.R. 278, 301 (S.D. TX 2008), *MFS/Son Life Trust – High Yield Series v. Van Dusen Airport Srvcs. Co.*, 910 F.Supp 913, 944 (S.D.N.Y. 1995).

As with the test for insolvency, the Plaintiff also requests a sentence regarding the ability to consider post transfer evidence. "While the solvency of Magnesium Corporation and Renco Metals must be determined as of the date of the transfer, you may consider evidence after the date of the transfer that demonstrates facts that were known or could have been known on the date of the transfer." *In re Coated Sales, Inc.*, 144 B.R. 663, 666-70 (Bankr. S.D.N.Y. 1992); *In re Chemical Separations Corp.*, 38 B.R. 890, 895 (Bankr. E.D. Tenn. 1984); *In re Commercial Financial Services, Inc.*, 350 B.R. 520, 541 n. 18 ( Bankr. N.D. Ok. 2005).

## FRAUDULENT CONVEYANCE - NEW YORK LAW

The Plaintiff's claims for Fraudulent Conveyance under New York law include the test for inadequate or unreasonably small capital.  That the fraudulent conveyances under New York law also include unreasonably small capital is also indicated by the Requests to Charge for fraudulent conveyances under the Bankruptcy Code.  The first instruction refers to unreasonably small capital, and the Plaintiff did not plead federal fraudulent transfers and state law fraudulent transfers separately, but rather alleged them together.  Thus, unreasonably small capital applies to both New York and Federal fraudulent transfers.  The Defendants' Proposed Requests to Charge also referenced the test for unreasonably small capital.  (See Joint Proposed Requests to Charge pp. 107-108).  Both sides and their expert opinion testimony address fraudulent transfer claims under the unreasonably small/inadequate capital tests.

BGD-#188275-v2-Trustee_s_Proposed_Requests_to_Charge_and_Proposed_Modifiations_to_Request_to_Charge.DOCX

## FRAUDULENT CONVEYANCE ELEMENT ONE: LACK OF FAIR CONSIDERATION

In accordance with New York law, the instruction should also contain the following sentence: "Transfers to corporate insiders—that is, controlling shareholders, officers, and directors—are presumed to be in bad faith." *Chen v. New Trend Apparel, Inc.*, 8 F.Supp.3d 406, 448 (S.D.N.Y. 2014)

BGD-#188275-v2-Trustee_s_Proposed_Requests_to_Charge_and_Proposed_Modifiations_to_Request_to_Charge.DOCX

## FRAUDULENT CONVEYANE ELEMENT TWO: INSOLVENCY

As with the initial instruction on insolvency, the Plaintiff also requests that the following sentences be added.

"While the solvency of Magnesium Corporation and Renco Metals must be determined as of the date of the transfer, you may consider evidence after the date of the transfer that demonstrates facts that were known or could have been known on the date of the transfer." *In re Coated Sales, Inc.*, 144 B.R. 663, 666-70 (Bankr. S.D.N.Y. 1992); *In re Chemical Separations Corp.*, 38 B.R. 890, 895 (Bankr. E.D. Tenn. 1984); *In re Commercial Financial Services, Inc.*, 350 B.R. 520, 541 n. 18 ( Bankr. N.D. Ok. 2005).

Also, the Plaintiff proposes that the following sentence be included: "If an asset cannot be sold it is not counted in determining the fair value of the assets." *Chen v. New Trend Apparel, Inc.*, 8 F.Supp.3d 406, 445 (S.D.N.Y. 2014); *In re Franklin Nat. Bank Sec. Litig.*, 2 B.R. 687, 711 (E.D.N.Y. 1979) aff'd sub nom. *Corbin v. Franklin Nat'l Bank*, 633 F.2d 203 (2d Cir. 1980). The jurors are able to make a determination that MagCorp or Renco Metals could not be sold, because no one would want to purchase them.  (See e.g. Exhibit 2206 p. 11: "We always knew the environmental issues would create an obstacle to completing a sale…."; Exhibit 2112 p. 3, questioning whether MagCorp could be sold without a technology upgrade).

17

## CLAIM FIVE: AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

For clarification, the Plaintiff believes the word "Group" should be added after "Renco."

## <u>CLAIMS FOUR AND FIVE: STATUTE OF LIMITATIONS</u>

The purpose of this instruction, and the direction to the jury in the last sentence of the instruction, are not clear to us, and the Plaintiff requests that this instruction not be given to the jury.

19

## CLAIMS 6A: UNLAWFUL PAYMENT OF DIVIDENDS AND UNLAWFUL STOCK REDEMPTIONS

The Plaintiff requests that the second sentence of the first paragraph be augmented to reflect the limitations on the ability to declare a dividend out of net profits.  Pursuant to the statute, a dividend may declared out of net profits of the year the dividend is declared and/or the preceding year.  Thus the following should be added to the end of the sentence "from the year in which the dividend is declared and the preceding year."

## **CLAIMS 6A AND 6B: GOOD FAITH RELIANCE DEFENSE**

To avoid implying to the jury that this defense applies to all claims against Rennert, the Plaintiff believes it is worth repeating that the defense described only applies to Plaintiff's sixth claim. Plaintiff proposes that the second sentence of the first paragraph include "from the Plaintiff's sixth claim" after the word "protected."

Again, in the first sentence of the second paragraph, it should be noted after the word "protected" that the defense only protects the defendant "from the Plaintiff's sixth claim."

The Plaintiff also requests that the jury also be instructed that: "For the defense to apply the defendants must prove that the expert or officer must have actually determined the existence of a surplus, that it was reasonable to rely on their determination, and that Rennert actually did rely on it." *In re Sheffield Steel Corp.*, 320 B.R. 423, 451-452 (Bankr. N.D. Okla. 2004).

## CLAIMS 6C: SHAREHOLDER LIABILITY FOR UNLAWFUL DIVIDEND

The Plaintiff believes that the instruction overstates the knowledge a shareholder must have to be liable for an unlawful dividend. The second sentence indicates that actual knowledge is required. However, the statute only requires knowledge of facts "indicating" that it is unlawful. Thus, the Plaintiff proposes replacing "knew the facts that made the dividend unlawful" with "had knowledge of facts indicating that such dividend was unlawful."

BGD-#188275-v2-Trustee_s_Proposed_Requests_to_Charge_and_Proposed_Modifiations_to_Request_to_Charge.DOCX

## CLAIM SEVEN: UNJUST ENRICHMENT

The Plaintiff requests that the word "tangible" be removed from the instruction.  While several federal court cases refer to a "tangible benefit" there do not appear to be any New York state cases requiring a tangible benefit.  For example in *Farina v. Bastianich*, 116 A.D.3d 546, 984 N.Y.S.2d 46, 49 (N.Y. App. Div. 1st Dept. 2014) (internal citations omitted), the court found that a person was enriched by another who performed services that the defendant had originally promised to do.  Thus, there was no tangible benefit required.

Respectfully submitted this 18th day of February 2015.

**BEUS GILBERT PLLC**

By:    *Scot C. Stirling*
Leo R. Beus (Arizona Bar No. 002687) Admitted *Pro Hac Vice*
lbeus@beusgilbert.com
Scot C. Stirling (Arizona Bar No. 005757) Admitted *Pro Hac Vice*
sstirling@beusgilbert.com
Malcolm Loeb (Arizona Bar No. 017338) Admitted *Pro Hac Vice*
mloeb@beusgilbert.com
Robert O. Stirling (Arizona Bar No. 027749) Admitted *Pro Hac Vice*
rstirling@beusgilbert.com
701 North 44th Street
Phoenix, Arizona  85008-6504
Telephone:    (480) 429-3000
Fax:          (480) 429-3100
*Attorneys for Plaintiff*