# BEUS GILBERT
### PLLC
#### ATTORNEYS AT LAW

701 NORTH 44TH STREET
PHOENIX, ARIZONA 85008-6504
(480) 429-3000
FAX (480) 429-3100

SCOT C. STIRLING
DIRECT: (480) 429-3032
CELL: (602) 318-3650

EMAIL: SSTIRLING@BEUSGILBERT.COM

17210-0001

3 March 2015

**By ECF**

Honorable Alison J. Nathan
Thurgood Marshall United States Courthouse
40 Foley Square
Room 2102
New York, New York 10007

Re:   Order dated 27 February 2015 re Entry of Judgment and Interest Issue
      *Buchwald v. The Renco Group, Inc., et al.* No. 1:13-CV-07948-AJN

Dear Judge Nathan:

We are counsel for the Plaintiff Trustee, Lee E. Buchwald. In your Order dated 27 February 2015, you directed the parties to submit simultaneous letters no more than three pages in length, "addressing with citation to authority whether judgment ought to be entered immediately, with the question of any post-judgment interest to be determined subsequently."

We note that, if judgment were to be entered immediately, both post-judgment interest *and* prejudgment interest issues would have to be addressed in a post-judgment motion to alter or amend the judgment, pursuant to Fed.R.Civ.Pro. 59(e).  At the conclusion of the trial on 27 February, we had discussed a submission by the Trustee with respect to prejudgment interest on Friday, with the Defendants responding three days later, prior to the entry of judgment. Transcript, pages 3066-68.

Although we believe that it would be more *efficient* to enter judgment immediately, and to allow any issues with respect to both prejudgment *and* post-judgment interest to be addressed in a single Rule 59(e) motion by the Trustee,[1] we are concerned that deferring the question of interest to a post-judgment motion under Rule 59 might raise the standard for obtaining this relief on behalf of the Trustee and the bankruptcy estates of MagCorp and Renco Metals.

---

[1]   Because it is apparent that the Defendants will be filing a Rule 59 motion, the deferral of interest issues to the same process on the same schedule will not add any additional time to the schedule for the entry of a final and appealable judgment, whereas briefing the interest issues before the entry of judgment will add time to the schedule.

188762

Honorable Alison Nathan
3 March 2015
Page 2

_____

The Trustee has made a claim for prejudgment interest in the Amended Complaint[2] and in the Joint Pretrial Report,[3] which was acknowledged again by Defendants at the conclusion of the trial on 27 February.[4]   The law clearly *permits* the determination of prejudgment interest under Rule 59(e), after the entry of judgment: "[A] postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 175 (1989).  *See also* 12 MOORE'S FEDERAL PRACTICE (3d ed. 2014) § 59.30[2][c]:

> **Motion for Prejudgment Interest Constitutes Rule 59(e) Motion**
>
> *A post-judgment motion to amend the judgment to provide for prejudgment interest constitutes a Rule 59(e) motion.* This is so because the motion involves the reconsideration of matters encompassed within the merits of the judgment … and because prejudgment interest is an element of a plaintiff's complete compensation.

(Emphasis added), *citing Jones v. Unum Life Ins. Co. of Am.,* 223 F.3d 130, 137-138 (2d Cir. 2000) and cases from First, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, and D.C. Circuits; *In re Redondo Constr. Corp.,* 678 F.3d 115, 122 (1st Cir. 2012) (grant or denial of prejudgment interest can be raised for first time in Rule 59(e) motion).

However, the Trustee would not like to defer decision of the interest issues to a Rule 59 motion if one of the consequences of that deferral is to impose upon the Trustee a heightened burden of demonstrating the need for seeking interest through post-judgment relief, such as "to prevent manifest injustice" or to "correct clear legal error." *See* 12 MOORE'S FEDERAL PRACTICE (3d ed. 2014) § 59.30[5] (traditional grounds for granting relief include to "take account of an intervening change in controlling law"; to "take account of newly discovered evidence"; to "correct clear legal error"; and to "prevent manifest injustice"). Because the issue of interest on the judgment is an important one in a case where the fraudulent conveyances were taken from the debtor companies so many years ago, in 1995-1998, the Trustee's preeminent concern is that the right to claim prejudgment interest not be jeopardized by its deferral to a post-judgment motion.

_____

[2]   The prayer for relief asks for prejudgment and post-judgment interest: "D. Awarding Plaintiff pre-judgment and post-judgment interest as allowed pursuant to statutory and common law …"

[3]   Joint Pretrial Report, pages 11-12 (Trustee); Joint Pretrial Report, page 21 (Defendants).

[4]   Transcript, page 3066.

Honorable Alison Nathan
3 March 2015
Page 3

_____

Therefore, the Trustee respectfully asks that judgment be entered, *including* provisions for prejudgment and post-judgment interest, as promptly as possible after the submission of the papers discussed at the conclusion of the trial on 27 February.

Respectfully,

BEUS GILBERT PLLC

Scot C. Stirling
Counsel for Plaintiff

cc:    Peter Haveles, Jeffrey Fuisz
       Tai Park, Steven Bennett
       (Counsel for Defendants)

188762