

H. Peter Haveles, Jr.
+1 212 836 6564 office
peter.haveles@kayescholer.com

250 West 55th Street
New York, NY 10019-9710
+1 212 836 8000 main
+1 212 836 7604 fax

March 3, 2015

Honorable Alison J. Nathan
United States District Court
40 Centre Street
New York, NY  10005

      Re:    Buchwald v. The Renco Group, Inc. – 13 Civ. 7948 (AJN)

Dear Judge Nathan:

      We are co-counsel for defendants.  We write this letter in accordance with the Order dated February 27, 2015, which requested the parties to address whether judgment ought to be entered immediately, with the question of post-judgment interest to be determined subsequently.[1]

      We have reviewed Rules 58 and 59 of the Federal Rules of Civil Procedure and the case law concerning the entry of judgment and the determination of pre-judgment interest.  We have not identified any case law requiring that the issue of pre-judgment interest be resolved prior to entry of a judgment.  Further, plaintiff's claim for prejudgment interest can be addressed in a motion made in the ordinary course (as opposed to on the expedited basis discussed with the Court on February 27) pursuant to Rule 59.  See Delville v. Firmenich, 23 F. Supp. 3d 414, 423 n.6 (S.D.N.Y. 2014).

      Respectfully,

      H. Peter Haveles, Jr.

cc:    Scot C. Stirling, Esq.

---

[1]    The Order identified the question of post-judgment interest, but the discussion that occurred before the Court concerned the determination of what, if any, pre-judgment interest should be set forth in the judgment.  Trial Tr. at 3066-67.

Chicago  Los Angeles  Silicon Valley
Frankfurt  New York  Washington, DC
London  Shanghai  West Palm Beach

Honorable Alison J. Nathan        2        March 3, 2015

Tai H. Park, Esq.
Jeffrey A. Fuisz, Esq.

Honorable Alison J. Nathan    2    March 3, 2015

Tai H. Park, Esq.
Jeffrey A. Fuisz, Esq.