**BEUS GILBERT**
PLLC

ATTORNEYS AT LAW

701 NORTH 44TH STREET
PHOENIX, ARIZONA 85008-6504
(480) 429-3000
FAX (480) 429-3100

SCOT C. STIRLING
DIRECT: (480) 429-3032
CELL: (602) 318-3650

EMAIL: SSTIRLING@BEUSGILBERT.COM

17210-0001

4 March 2015

**By ECF**

Honorable Alison J. Nathan
Thurgood Marshall United States Courthouse
40 Foley Square
Room 2102
New York, New York 10007

Re:   Defendants' Letter dated 3 March 2015 re Fed.R.Civ.Pro. 49(b)(3)
      *Buchwald v. The Renco Group, Inc., et al.* No. 1:13-CV-07948-AJN

Dear Judge Nathan:

We are counsel for the Plaintiff Trustee, Lee E. Buchwald. I write in response to Defendants' letter suggesting that the Court should postpone the entry of judgment on the jury's verdict, and "set a briefing schedule to address defendants' arguments under all applicable Rules." The Court has already directed the Defendants to put these arguments into their post-judgment motion, and there is nothing in the Defendants' letter to justify this additional delay in the entry of judgment, so that Defendants can make the same arguments twice.

The Defendants' principal argument for delay in the entry of judgment is that the jury's verdict is inconsistent. That isn't true, but in any case that argument is not available to the Defendants for at least two reasons:

**First**, as the Court observed in response to the Defendants' motion for mistrial on 27 February, the Defendants never objected to the form of verdict and instructions that included different instructions and different verdicts on Claim One and Claim Two. The form of verdict expressly – and correctly – provided that the jury could answer "no" to every part of Questions 1, 2, and 3, and still go on to consider Claim Two under New York law. The Defendants' failure to object to the different instructions for Claim One and Claim Two, and to the form of verdict that instructed the jury to consider them separately, is a waiver of the untimely complaint that the two claims should have been treated as identical claims with respect to the definition of insolvency.[1]

---

[1]   The Defendants did not object to this language in jury instruction 13: "I have already instructed you on the meaning of insolvency, *but for you to decide claim Two, I must instruct you on its specific definition under New York law.* Under New York law, an entity is insolvent when

Honorable Alison Nathan
4 March 2015
Page 2

---

*See Fabri v. United Techs. Int'l, Inc.,* 387 F.3d 109, 119 (2d Cir. 2004); *Cash v. County of Erie,* 654 F.3d 324, 342-3 (2d Cir. 2011):

> While defendants contend that they preserved this challenge through earlier objections to the verdict form and jury charge, they point to nothing in the record indicating that they timely alerted the district court to the possibility that the verdict form or jury charge might lead to inconsistent verdicts. *See Fabri v. United Techs. Int'l, Inc.,* 387 F.3d 109, 119 (2d Cir.2004) (holding that when verdict form or jury charge might lead to inconsistent verdicts, "party must object before the jury begins its deliberations"); *Jarvis v. Ford Motor Co.,* 283 F.3d 33, 56–57 (2d Cir. 2002) (same); *see also Kosmynka v. Polaris Indus., Inc.,* 462 F.3d at 85 (noting that timely objection permits court or opposing party to correct error).

**Second**, "[i]t is well established that a party waives its objection to any inconsistency in a jury verdict if it fails to object to the verdict prior to the excusing of the jury." *Kosmynka v. Polaris Industries,* 462 F.3d 74, 83 (2d Cir. 2006); *Cash v. County of Erie,* 654 F.3d 324, 342-3 (2d Cir. 2011) ("the challenge was waived by defendants' failure to raise an inconsistency objection before the district court discharged the jury").[2]

---

the present fair saleable value of its assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." (Emphasis added.) That instruction called attention to the difference between Claims One and Two, and it is an absolutely correct statement of the New York law of insolvency. The evidence and that instruction support the jury's verdict.

[2] *See also Henry v. Dinelle,* 557 Fed.Appx. 20, 22 (2d Cir. 2014) ("to the extent that [Plaintiff-Appellant] contends that the [jury] verdict was inconsistent, he waived that argument by failing to object to either the jury instructions or the verdict form, and by failing to object to the inconsistent verdict before the jury was excused"); *Pouncy v. Danka Office Imaging Co.,* 393 Fed.Appx. 770, 772 (2d Cir. 2010) ("in so far as [Plaintiff-Appellant] alleges an inconsistency in the jury verdict, because he did not raise this claim below before the jury was discharged, he is barred from doing so on appeal."); *Perks v. Town of Huntington,* 234 Fed.Appx. 8, 10 (2d Cir. 2007) ("By failing to object to the verdict before the jury was discharged, however, [Plaintiff-Appellant] waived any challenge to the verdict."); and *Litras v. Long Island R.R.,* 226 Fed.Appx. 31, 33 (2d Cir. 2007) ("To the extent that [Plaintiff-Appellant] contends that the jury verdict was inconsistent … he waived this argument by failing to raise it before the jury was dismissed.").

188789

Honorable Alison Nathan
4 March 2015
Page 3

---

Defendants' letter at pages 2-3 describes the Court's options when presented with an inconsistent verdict, including "direct[ing] the jury to further consider its answers and verdict." It is obvious that the Defendants here made a deliberate tactical decision to sit on their hands and to raise the alleged "inconsistency" in the jury's verdict only after the jury was dismissed, in order to deprive the Court and the jury of that opportunity to address the alleged inconsistency, and in the hope of gaining an advantage from the jury's absence.

After the jury's verdict was read in open court, your Honor asked *three times* whether there was any issue that needed to be addressed with the jury before it was excused, and three times the Defendants' counsel answered "no."[3] *Immediately* after the jury was dismissed, the Defendants made their motion for mistrial based upon the alleged inconsistency in the verdict. There is no doubt on this record that the Defendants made a deliberate decision to lay in the weeds and to allow the jury to be dismissed before making this motion, precisely so that the Court and the Trustee's counsel would be deprived of the opportunity to address any alleged inconsistency or to clarify the jury's answers to the questions in the verdict form before the jury was dismissed. That is also why this tactical gamesmanship constitutes a waiver:

> "The requirement of a timely exception is not merely a technicality. Its function 'is to give the court and the opposing

---

[3] The first time was at the sidebar after the recording error with the amount of punitive damages had been raised, at Transcript page 3060, lines 16-19:

> THE COURT: Is there anything else on here that you identify as a reason, once we resolve this, that the jury cannot be dismissed?
>
> MR. HAVELES: No, your Honor.

The second time was at Transcript p. 3061, lines 9-11, after the jury returned to deliberate and correct the recording error:

> THE COURT: Counsel, anything to take up?
>
> MR. HAVELES: *Not until after you dismiss the jury*, your Honor."

(Emphasis added). After the jury had corrected the recording error with respect to the amount of punitive damages, and had been polled for a second time, at page 3062 lines 1-5, the Court asked the same question a third time:

> THE COURT: Counsel, is there any reason that I cannot dismiss this jury at this time?
>
> MR. HAVELES: No, your Honor.

188789

>party the opportunity to correct an error in the conduct of the trial.'" *Barry v. Manglass,* 55 N.Y.2d 803, 805-06, 447 N.Y.S.2d 423, 432 N.E.2d 125 (1981) (*citing Delaney v. Philhern Realty Holding Corp.,* 280 N.Y. 461, 467, 21 N.E.2d 507 (1939)).

*Kosmynka,* 462 F.3d at 83.

The jury's verdict is not inconsistent.[4] The jury was instructed separately on Claim One and Claim Two because the statutes are *not* identical, *and because the parties agreed* that the jury would be instructed separately and directed in the verdict form to consider the two claims separately. The Defendants' revisionist attempt to reargue that issue is factually and legally unsound, in addition to being untimely and fundamentally unfair to the Court, to the jury, to the Trustee, and to the process we all went through at some length and in excruciating detail.

The Defendants have cited a long list of cases from other circuits, and a forty year old case from the Second Circuit, all inconsistent with this Circuit's decision in *Kosmynka* to join the majority that require that an objection to an allegedly inconsistent verdict be raised *before* the jury is dismissed. The Defendants here made a deliberate decision not to do that, in the hope of gaining some advantage from the jury's absence, and that obvious gamesmanship should not be rewarded. The Court should enter judgment on the jury's verdict, and allow the Defendants to make their record in a post-trial motion.

>Respectfully,
>
>BEUS GILBERT PLLC
>
>*/s/ Scot C. Stirling*
>
>Scot C. Stirling
>Counsel for Plaintiff

---

[4] The "good faith defense" under the Delaware as described in jury instruction 22 may reasonably have been understood by the jury to constitute a technical defense to the claims for unlawful dividends and stock redemption that was available to Mr. Rennert (and the defense was available *only* to Mr. Rennert under Delaware law) because of the conduct of other Defendants in obtaining a phony solvency opinion based upon wildly unrealistic projections of future magnesium prices and enormous cost savings from technology that had not even been licensed or tested. The jury's answer to Question 17 with respect to Mr. Rennert is not inconsistent with the award of a small amount of punitive damages against Renco Group in answer to Question 14.

188789