

H. Peter Haveles, Jr.
+1 212 836 6564 office
peter.haveles@kayescholer.com

250 West 55th Street
New York, NY 10019-9710
+1 212 836 8000 main
+1 212 836 7604 fax

March 4, 2015

Honorable Alison J. Nathan
United States District Court
40 Centre Street
New York, NY  10005

   Re: <u>Buchwald v. The Renco Group, Inc.</u> – 13 Civ. 7948 (AJN)

Dear Judge Nathan:

  We are co-counsel for defendants.  We write this brief reply in response to today's letter from plaintiff's counsel regarding the issues under Rule 49(b)(3).

  We initially note that the arguments made by plaintiff underscore the importance of full briefing on the issue.

  First, plaintiff's arguments regarding waiver are misplaced.  Plaintiff fails to take into account the law of the Second Circuit regarding "fundamental" inconsistencies, and how there can never be any waiver in such regard.  See <u>Armstrong v. Brookdale University Hospital & Medical Center</u>, 425 F.3d 126, 136 (2d Cir. 2005) (waiver does not bar the right to raise a verdict inconsistency when it constitutes "fundamental" error).  Further, this situation was not one requiring that the jury be given the opportunity to resolve inconsistent factual answers, in contrast to inconsistencies between the uniformly answered factual answers and the general verdict response (as occurred here).  Hence, because the problem here is with the general verdict, there was nothing for the jury to fix – the task falls to the Court.  See <u>Schaafsma v. Morin Vermont Corp.</u>, 802 F.2d 629, 634 (2d Cir. 1986) (it is "the 'responsibility of a trial court to resolve the inconsistency' even when no objection is made" (citations omitted)).

  Second, plaintiff wrongly accuses defendants of gamesmanship.  Defendants have moved for a mistrial on more than one occasion, starting with the deadlock note on February 19, one day before the verdict.  Given the defense position that a mistrial should have been declared, and given the fundamental inconsistency in the verdict, defendants were not required to press for even longer deliberations when the verdict was returned. Further, plaintiff seeks an unjust result by attempting to insulate from scrutiny a verdict in which the jury made clear that plaintiff had failed to prove his claims.

Chicago   Los Angeles   Silicon Valley
Frankfurt   New York   Washington, DC
London   Shanghai   West Palm Beach

Honorable Alison J. Nathan  2  March 4, 2015

      Third, plaintiff's argument about the charge and instruction form is wrong. The Court's instruction regarding state law was correct, and plaintiff disregards the uniform case law that the requirements for insolvency are exactly the same under both the Bankruptcy Code and the New York Debtor Creditor Law. Further, because plaintiff asserted an independent state law claim, it had to be submitted to the jury for determination. To suggest that defendants waived a challenge to the irreconcilable verdict because they did not object to the inclusion of a separate verdict on a state law claim is baseless. Finally, there is nothing about the verdict form or the charges relating to the fraudulent conveyance/transfer claims that invited the fundamental inconsistency that occurred. As plaintiff implicitly concedes, the standard and test for insolvency under both the Bankruptcy Code and New York law are the same, and it was both logical and reasonable to believe that any rational jury would reach the same result under either instruction.

      This issue is an important, complex and serious one, and there are substantial stakes implicated by the question. Accordingly, for the reasons sets forth in our March 3, 2015 letter as well as above, we respectfully request that the Court set a briefing schedule to address fully the issues raised under Rule 49, prior to entry of any judgment.

      Respectfully,

H. Peter Haveles, Jr.

cc:    Scot C. Stirling, Esq.
        Tai H. Park, Esq.
        Jeffrey A. Fuisz, Esq.