COURT EXHIBIT # 25

DATE: 2/27/15
TIME: 1:25 pm
CASE: 13 Civ. 07948 (AJN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lee E. Buchwald, as Trustee for Magnesium Corporation of America and Renco Metals, Inc.,

Plaintiff,

–v–

The Renco Group, *et al.*,

Defendants.

13-CV-7948 (AJN)

**FINAL VERDICT FORM**

**FEBRUARY 25, 2015**

**Instructions:** You answer must be unanimous as to each question. The foreperson should place a check mark next to your unanimous answer to each question. Some questions must be answered only if a certain answer was given to a previous question, so please follow the directions regarding when to skip questions. Unless there are specific instructions regarding a question, assume you must answer it.

**Proceed to Question 1.**

**A. Fraudulent Transfer (Claim 1)**

1. Do you find that the Plaintiff has proven that Magnesium Corporation (MagCorp) or Renco Metals was insolvent on, or rendered insolvent because of transfers made on, any of the following dates, using the definition of insolvency provided in Instruction No. 8? Check "Yes" or "No" for each date.

a. December 8, 1995

YES ____ NO X

b. February 12, 1996

YES ____ NO X

c. May 16, 1996

YES ____ NO X

d. July 3, 1996

YES ____ NO X

e. May 19, 1997

YES ____ NO X

f. July 30, 1997

YES ____ NO X

g. January 5, 1998

YES ____ NO X

    h. June 4, 1998

YES ____ NO _X_

i. October 14, 1998

YES ____ NO _X_

**Proceed to Question 2.**

2. Do you find that the Plaintiff has proven that Magnesium Corporation (MagCorp) or Renco Metals was left with unreasonably small capital because of transfers made on any of the following dates, using the definition of unreasonably small capital provided in Instruction No. 10? Check "Yes" or "No" for each date.

a. December 8, 1995

YES ____ NO _X_

b. February 12, 1996

YES ____ NO _X_

c. May 16, 1996

YES ____ NO _X_

d. July 3, 1996

YES ____ NO _X_

e. May 19, 1997

YES ____ NO _X_

f. July 30, 1997

YES ____ NO _X_

g. January 5, 1998

YES ____ NO _X_

    h. June 4, 1998

YES ____ NO X

i. October 14, 1998

YES ____ NO X

**Proceed to Question 3.**

3. Do you find that the Plaintiff has proven that Magnesium Corporation (MagCorp) or Renco Metals intended or believed that it would incur debts beyond its ability to pay as they became due because of transfers made on any of the following dates, as described in Instruction No. 7? Check "Yes" or "No" for each date.

a. December 8, 1995

YES ____ NO X

b. February 12, 1996

YES ____ NO X

c. May 16, 1996

YES ____ NO X

d. July 3, 1996

YES ____ NO X

e. May 19, 1997

YES ____ NO X

f. July 30, 1997

YES ____ NO X

g. January 5, 1998

YES ____ NO X

    h. June 4, 1998

YES ____ NO X

i. October 14, 1998

YES ____ NO X

**If you answered "No" to every part of Question 1, every part of Question 2, AND every part of Question 3, skip to Question 7 below. Otherwise, proceed to answer Questions 4, 5, and 6.**

4. This question involves only the Defendant The Renco Group, Inc. If you answered YES to any portion of Question 1, Question 2, and/or Question 3, I instruct you that Defendant The Renco Group, Inc. is liable for fraudulent transfer(s). Accordingly, if you answered YES to any portion of Question 1, Question 2, and/or Question 3, you are directed to indicate YES to this Question: Do you find that the Plaintiff has proven that The Renco Group, Inc., is liable for fraudulent transfers in the 1996-1998 period, as they were defined in Instruction No. 7?

   YES ____

**If you answered Question 4, proceed to Question 5.**

5. This question involves the individual Defendants listed below. If you answered YES to any portion of Question 1, Question 2, and/or Question 3, you must also determine if the Plaintiff has proven that Magnesium Corporation received less than a reasonably equivalent value in exchange for the transfer. Thus, if you answered YES to any portion of Question 1, Question 2, and/or Question 3, you must answer the following question as to each Defendant: Do you find that the Plaintiff has proven that any of the following Defendants are liable for fraudulent transfers, as they were defined in Instruction No. 7? Check "Yes" or "No" for each Defendant.

   a. Ira Rennert
      YES ____ NO ____
   b. Michael Legge
      YES ____ NO ____
   c. Ron Thayer
      YES ____ NO ____

    d. Todd Ogaard
YES ____ NO ____
e. Lee Brown
YES ____ NO ____
f. Howard Kaplan
YES ____ NO ____

**If you answered Question 5, proceed to Question 6.**

6. If you answered YES with regard a Defendant in Question 4 or Question 5, what amount of damages do you find the Plaintiff has proven that Defendant is responsible for, using the guidance at Instruction No. 15? Answer only with regard to Defendants for whom you answered "YES" in Question 4 or Question 5.

a. The Renco Group $____________________

b. Ira Rennert $____________________

c. Michael Legge $____________________

d. Ron Thayer $____________________

e. Todd Ogaard $____________________

f. Lee Brown $____________________

g. Howard Kaplan $____________________

**Proceed to Question 7.**

**B. Fraudulent Conveyance (Claim 2)**

7. Do you find that the Plaintiff has proven that any of the following Defendants are liable for fraudulent conveyances under New York law, as they were defined in Instruction Nos. 11-13? Check "Yes" or "No" for each Defendant.

    a. Ira Rennert
YES X NO ____
b. Michael Legge
YES X NO ____
c. Ron Thayer
YES X NO ____
d. Todd Ogaard
YES X NO ____
e. Lee Brown
YES X NO ____
f. Howard Kaplan
YES X NO ____
g. The Renco Group, Inc.
YES X NO ____
h. Trustees of the Rennert Trusts
YES ____ NO X

**If you answered "No" as to all Defendants in <u>all parts of Questions 1, 2, 3, and 7</u>, <u>skip</u> to Question 21.**

**If you answered "No" as to all Defendants in Question 7, but answered "Yes" to at least one part of Question 1, Question 2, or Question 3, <u>skip</u> to Question 11.**

**If you answered at least one "Yes" to Question 7, proceed to Question 8.**

8. If you answered "YES" with regard to any Defendant in Question 7, what measure of damages do you find that the Plaintiff has proven that the Defendant(s) are responsible for, using the guidance at Instruction No. 15? Answer this question with respect to a particular Defendant <u>only</u> if you found that Defendant liable by answering YES to Question 7. Leave the space next to any other Defendant(s) blank.

a. Ira Rennert $ 16,222,000
b. Michael Legge $ 0
c. Ron Thayer $ 0
d. Todd Ogaard $ 0
e. Lee Brown $ 0
f. Howard Kaplan $ 0

    g. The Renco Group, Inc. $ 101,000,000

h. Trustees of the Rennert Trusts $ 0

**If you answered any portion of Question 8, proceed to Question 9.**

**C. Aiding and Abetting Fraudulent Conveyances (Claim 3)**

9. **Answer only if you marked at least one "YES" answer in Question 7 to at least one Defendant other than Ira Rennert.** If you answered "No" to all parts of Question 7, or your only "Yes" answer to Question 7 was to Ira Rennert, skip to Question 11.

Do you find that the Plaintiff has proven that Defendant Ira Rennert aided and abetted fraudulent conveyances on any of the following dates under the standard defined in Instruction No. 14? Check "Yes" or "No" for each date.

a. December 8, 1995

YES X NO ____

b. February 12, 1996

YES X NO ____

c. May 16, 1996

YES X NO ____

d. July 3, 1996

YES X NO ____

e. May 19, 1997

YES X NO ____

f. July 30, 1997

YES X NO ____

    g. January 5, 1998

YES _Y_ NO ____

h. June 4, 1998

YES _X_ NO ____

i. October 14, 1998

YES _X_ NO ____

**If you answered "No" to all parts of Question 9, <u>skip</u> to Question 11. If you answered "Yes" to any portion of Question 9, proceed to Question 10.**

10. If you answered "YES" to any part of Question 9, what measure of damages do you find that the Plaintiff has proven that Defendant Ira Rennert is responsible for with regard to aiding and abetting fraudulent conveyances, using the guidance at Instruction No. 15?

$ _16,222,000_

**Proceed to Question 11.**

**D. Breach of Fiduciary Duty and Aiding & Abetting Breach of Fiduciary Duty (Claims 4 & 5)**

11. With respect to any transfer for which you found MagCorp or Renco Metals insolvent or inadequately capitalized, do you find that the Plaintiff has proven that any of the following Defendants committed a breach of a fiduciary duty as defined in Instruction No. 16? Check "Yes" or "No" for each Defendant.

a. Ira Rennert

YES _X_ NO ____

b. Michael Legge

YES _X_ NO ____

    c. Ron Thayer

YES _X_ NO ____

d. Howard Kaplan

YES _X_ NO ____

e. Todd Ogaard

YES ____ NO _X_

f. Lee Brown

YES _X_ NO ____

g. Roger Fay

YES _X_ NO ____

h. Justin D'Atri

YES ____ NO _X_

i. Michael Ryan

YES ____ NO _X_

j. Dennis Sadlowski

YES ____ NO _X_

**If you answered "No" to all Defendants in Question 11, skip to Question 15 below. Otherwise, proceed to answer Questions 12, 13, and 14.**

12. **Answer only if you marked at least one "YES" answer to Question 11.** Do you find that the Plaintiff has proven that any of the following Defendants aided and abetted a breach of fiduciary duty as defined in Instruction No. 17? Check "Yes" or "No" for each Defendant.

a. Ira Rennert

YES X NO ____

b. Michael Legge

YES X NO ____

c. Ron Thayer

YES X NO ____

d. Howard Kaplan

YES X NO ____

e. Todd Ogaard

YES ____ NO X

f. Lee Brown

YES X NO ____

g. Roger Fay

YES X NO ____

h. Justin D'Atri

YES ____ NO X

i. Michael Ryan

YES ____ NO X

j. Dennis Sadlowski

YES ____ NO X

    k. The Renco Group

YES X    NO ____

**If you answered Question 12, proceed to Question 13.**

13. If you answered "YES" with regard to a particular Defendant in Question 11 or Question 12, what level of damages do you find that the Plaintiff has proven that Defendant responsible for, using the guidance in Instruction No. 18? Answer only with regard those Defendants for which you found liability by answering "YES" to Question 11 and/or Question 12. DO NOT include any amount for punitive damages in your answer to this question.

a. Ira Rennert

$ 16,222,000

b. Michael Legge

$ 0

c. Ron Thayer

$ 0

d. Howard Kaplan

$ 0

e. Todd Ogaard

$ 0

f. Lee Brown

$ 0

g. Roger Fay

$ 0

    h. Justin D'Atri

$ 0

i. Michael Ryan

$ 0

j. Dennis Sadlowski

$ 0

k. The Renco Group

$ 101,000,000

**If you answered any part of Question 13, proceed to Question 14.**

14. Punitive Damages: If you answered "YES" with regard to a particular Defendant in Question 11 or Question 12, you must determine whether the Plaintiff has proven that punitive damages should be imposed against that Defendant. Accordingly, you should answer this Question only with regard to those Defendants you found liable in Question 11 or Question 12 by answering "Yes" as to that Defendant. For all Defendants to whom you gave a "Yes" answer in Question 11 or Question 12, you must first indicate whether you find that punitive damages should be imposed against that Defendant, using the guidance in Instruction No. 19. To do this, check "Yes" or "No" next to the Defendant's name. Second, if you answered "Yes" to any particular Defendant, you must indicate the amount of punitive damages that the Defendant should be responsible for on the line below his name.

a. Ira Rennert YES ____ NO X

$ ____

b. Michael Legge YES ____ NO X

$ ____

c. Ron Thayer YES ____ NO X

$ ______________________________

d. Howard Kaplan YES ____ NO X

$ ______________________________

e. Todd Ogaard YES ____ NO X

$ ______________________________

f. Lee Brown YES ____ NO X

$ ______________________________

g. Roger Fay YES ____ NO X

$ ______________________________

h. Justin D'Atri YES ____ NO X

$ ______________________________

i. Michael Ryan YES ____ NO X

$ ______________________________

j. Dennis Sadlowski YES ____ NO X

$ ______________________________

k. The Renco Group YES X NO ____

$ 1,000

**Proceed to Question 15.**

**E. Unlawful Dividends and Unlawful Stock Redemptions (Claims 6A, 6B, & 6C)**

15. Do you find that the Plaintiff has proven that Defendant Ira Rennert made unlawful dividend payments as defined in Instruction No. 20?

YES X NO ____

**Proceed to Question 16.**

16. Do you find that the Plaintiff has proven that Defendant Ira Rennert made unlawful stock redemptions as defined in Instruction No. 21?

YES X NO ____

**If you answered "No" to both Question 15 and Question 16, skip to Question 21. If you answered "Yes" to Question 15, Question 16, or both, answer Question 17.**

17. Do you find that Defendant Rennert has met his burden of establishing a good faith defense, as defined in Instruction No. 22?

YES X NO ____

**If you answered "Yes" to Question 17, skip to Question 21. If you answered "No," proceed to Questions 18 and 19.**

18. If you answered YES to Question 15 and/or Question 16, and NO to Question 17, what measure of damages do you find the Plaintiff has proven that Defendant Ira Rennert is responsible for, using the guidance at Instruction No. 24?

$________________________________

**If you answered Question 18, proceed to Question 19.**

19. Do you find that the Plaintiff has proven that Defendant The Renco Group, Inc., is liable for unlawful dividends under the standard as I have defined it for you in Instruction No. 23?

YES ____ NO ____

**If you answered "No" to Question 19, skip to Question 21. If you answered "Yes" to Question 19, answer Question 20.**

20. If you answered YES to Question 19, what measure of damages do you find that the Plaintiff has proven that Defendant The Renco Group, Inc., is responsible for, using the guidance at Instruction No. 24?

$______________________________

**Proceed to Question 21.**

**F. Unjust Enrichment (Claim 7)**

21. Do you find that the Plaintiff has proven that Defendants Ira Rennert or the Trustees of the Rennert Trusts received a direct benefit from Magnesium Corporation and/or Renco Metals that Defendants Ira Rennert or the Trustees of the Rennert Trusts were not entitled to receive?

YES X NO ____

**If you answered "No" to Question 21, <u>do not</u> answer Questions 22 and 23. If you answered "Yes" to Question 21, proceed to Question 22.**

22. If you answered "Yes" to Question 21, do you find that Magnesium Corporation and/or Renco Metals was harmed by conveying the direct benefit you identified in response to Question 21?

YES X NO ____

**If you answered "No" to Question 22, <u>do not</u> answer Question 23. If you answered "Yes" to Question 22, proceed to Question 23.**

23. If you answered "Yes" to Question 22, what do you find was the value of the benefit conferred by MagCorp and/or Renco Metals on Defendants Ira Rennert and Trustees of the Renco Trusts?

$ 16,222,000

**After completing the form, each juror who agrees with the verdict must sign below:**

[signature] Foreperson #10

#5 Emmanuel Omoregie

#1 Robert Miles Barrett

#6 [signature]

#2 Bonnie Conklin

#7 [signature]

#3 [signature]

#8 [signature]

#4 Jose Marrero

#9 Josefina Reyes

DATED: 2/27/15