MANDATE

15-2691-bk(L)
In re: Magnesium Corp.

N.Y.S.D. Case #
13-cv-7948(AJN)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand seventeen.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 12, 2017

-----------------------------------------------------------------------
IN THE MATTER OF MAGNESIUM CORPORATION OF AMERICA,

                                        *Debtor*.
-----------------------------------------------------------------------
LEE E. BUCHWALD, as Trustee for Magnesium Corporation of America and Related Debtor, Renco Metals, Inc.,

  *Plaintiff-Appellee-Cross-Appellant*,

                    v.

THE RENCO GROUP, INC., a Delaware Corporation, IRA LEON RENNERT,

  *Defendants-Appellants-Cross-Appellees*,

SABEL INDUSTRIES, INC., K. SABEL HOLDINGS, INC., KPMG PEAT MARWICK LLP, DONALDSON, LUFKIN & JENRETTE SECURITIES CORPORATION, HOULIHAN LOKEY HOWARD & ZUKIN, CADWALADER, WICKERSHAM & TAFT, LLP,

Nos. 15-2691-bk
     15-2962-bk
     15-2971-bk

1

MANDATE ISSUED ON 10/12/2017

ROGER L. FAY, JUSTIN W. D'ATRI, DENNIS A. SADLOWSKI, MICHAEL C. RYAN, MICHAEL H. LEGGE, RON L. THAYER, TODD R. OGAARD, LEE R. BROWN, HOWARD I. KAPLAN, KEITH SABEL, UNIDENTIFIED TRUSTEES, OF TRUSTS ESTABLISHED BY IRA LEON RENNERT, CREDIT SUISSE FIRST BOSTON LLC, KPMG LLP, HOULIHAN LOKEY,

*Defendants.*

------------------------------------------------------------------------

| | |
|---|---|
| APPEARING FOR PLAINTIFF: | MICHAEL K. KELLOGG (Gregory G. Rapawy, Daniel G. Bird, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Washington, D.C.; Scot C. Stirling, Beus Gilbert PLLC, Phoenix, Arizona, *on the brief*), Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., Washington, D.C. |
| APPEARING FOR DEFENDANTS: | E. JOSHUA ROSENKRANZ (Kevin Arlyck, Matthew L. Bush, Kelsi Brown Corkran, Douglas S. Mintz, Brian P. Goldman, *on the brief*), Orrick, Herrington & Sutcliffe LLP, New York, New York; San Francisco, California; Washington, D.C. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the September 25, 2015 judgment of the district court is AFFIRMED.

Defendants The Renco Group, Inc. ("Renco") and Ira Rennert appeal a $213,199,093.70 judgment entered against them following a jury's verdict of liability on plaintiff Lee Buchwald's (the "Trustee's") various state claims, including fraudulent conveyance, breach of fiduciary duty, and unjust enrichment. These claims, which the

2

Trustee first brought in an adversarial proceeding before the bankruptcy court, relate to certain dividends paid to defendants in the late 1990s by debtor Magnesium Corporation of America and its then-parent, Renco Metals. On appeal, defendants challenge (1) the allowance of a jury trial, (2) various trial rulings, and (3) the return of a compromise verdict. The Trustee cross-appeals, seeking prejudgment interest under Delaware law. In addressing these arguments, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. <u>Jury Trial</u>

Defendants argue that the Trustee was not entitled to a jury trial as a matter of law and that they were wrongly denied the right to withdraw their affirmative consent to a jury trial given when the matter was transferred from bankruptcy to district court. Our resolution of the second issue obviates the need to decide the first.

Although this court has not decided whether district courts have any discretion to reject withdrawals of consent to jury trials—a matter on which Fed. R. Civ. P. 39 is silent—defendants conceded discretion at oral argument. To the extent we would review the district court's withdrawal of rejection here only for abuse of discretion, defendants would have a difficult time demonstrating abuse given (1) defendants' initial consent was provided specifically "in order for a jury trial to be held with respect to the Trustee's claims," and with the understanding that, with such consent, the bankruptcy court reference in the Trustee's case would be withdrawn with respect to the adversary proceeding and the matter transferred to the district court. App'x 241–42. Moreover,

3

(2) substantial motion practice had taken place before the district court with the expectation of a jury trial, and (3) defendants' motion to withdraw was made almost a year after consent and only two months before trial.

We need not, however, decide whether abuse of discretion is the proper standard of review because even if we were to identify any error in the rejection of defendants' withdrawal, that error would be harmless because defendants' withdrawal was not complete. After the parties agreed to remove the proceeding to the district court for a jury trial on all of the Trustee's claims, the defendants moved to strike the jury demand with respect to some of the Trustee's claims. Notably, the defendants did not move to strike the claims against Rennert and the Renco Group for aiding and abetting a breach of fiduciary duty. See App'x 451 n.1. Thus, regardless of whether the Trustee had the right to a jury trial on these claims, the district court was authorized to try them before a jury on the prior consent that defendants never withdrew. See Fed. R. Civ. P. 39(c)(2). Moreover, the jury awarded the same damages for these aiding-and-abetting claims as it did for the other claims specified in defendants' withdrawal. App'x 768–71. The challenged judgment did not double count these identical damages and the defendants bring no other challenges to the aiding-and-abetting claims. Thus, defendants were not harmed by the fact that all of these claims were tried to a jury. *See Abou-Khadra v. Mahshie*, 4 F.3d 1071, 1080 (2d Cir. 1993) (concluding inconsistency in jury's answer to interrogatory specific to one claim was harmless where jury awarded identical amount of damages on different claim). Accordingly, any jury trial error in this case was

necessarily harmless. *See Lore v. City of Syracuse*, 670 F.3d 127, 151 (2d Cir. 2012) (recognizing that harmless error cannot upset civil judgment).

Accordingly, we affirm the district court's denial of defendants' motion to strike.

2. <u>Trial Rulings</u>

Defendants challenge the exclusion of evidence relating to ongoing litigation between the EPA and MagCorp in Utah district court. We review "a challenge to [a] district court's evidentiary ruling[s] . . . for abuse of discretion, reversing only if we find manifest error," *United States v. Al Kassar*, 660 F.3d 108, 123 (2d Cir. 2011), which is not evident here.

The court concluded that evidence of a judicial opinion predicated on the invalidity of an EPA administrative interpretation (and subsequently vacated on that ground) would have had little probative value and been unduly confusing. *See Buchwald v. Renco Grp.*, 539 B.R. 31, 55–56 (S.D.N.Y. 2015). A "district court is in the best position to do the balancing mandated by Rule 403" in such matters, and it acted well within its discretion in doing so here. *United States v. Al Kassar*, 660 F.3d at 123 (internal quotation marks omitted). The same conclusion obtains with respect to its exclusion of testimony regarding the "proposed terms" of a settlement agreement reached only in principle that is not yet final and for which no written evidence was adduced. App'x 866–67. Insofar as such evidence was proffered to establish the value of the disputed Utah claims—and, in turn, the magnitude of contingent liabilities and, thus, Magnesium's insolvency—the district court reasonably concluded that such evidence was barred by Fed. R. Evid. 408. *See Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865

5

F.2d 506, 510 (2d Cir. 1989) (upholding exclusion of settlement evidence under Rule 408 where purported "other purpose" was "closely intertwined" with liability on underlying claim).

Defendants also challenge rejection of their proposed curative instruction relating to the Trustee's purportedly prejudicial summation comments suggesting that Rennert and MagCorp deliberately delayed the Utah litigation. The argument fails because the district court immediately instructed the jury to disregard the last of the three challenged comments and concluded that further instruction was unnecessary to avoid any possible prejudice but, rather, would seem to favor defendants. *See United States v. Thomas*, 377 F.3d 232, 245 (2d Cir. 2004) (recognizing role of trial court's judgment as to curative instructions). In any event, we cannot conclude that the challenged statements, viewed in the context of the Trustee's summation as a whole, "so infect[ed] [the] trial with undue prejudice or passion as to require reversal." *Patterson v. Balsamico*, 440 F.3d 104, 119 (2d Cir. 2006) (internal quotation marks omitted); *see Matthews v. CTI Container Transp. Int'l Inc.*, 871 F.2d 270, 278 (2d Cir. 1989) (stating new trial warranted only "if counsel's conduct created undue prejudice or passion which played upon the sympathy of the jury").

Accordingly, we identify no abuse of discretion in the district court's evidentiary decisions.

3. <u>Compromise Verdict</u>

Defendants argue that the jury's verdict reflects an impermissible compromise requiring a new trial. We review the denial of a new-trial motion for abuse of

6

discretion, *see, e.g.*, *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998), which we will identify only where the decision rests upon an error of fact or law or otherwise "cannot be located within the range of permissible decisions," *Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 124 (2d Cir. 2016) (internal quotation marks omitted).

The district court's denial manifests no such error here because defendants conflate an *inconsistent* verdict with a *compromise* verdict. The former, which pertains to internally inconsistent verdicts on claims, must be raised "prior to the excusing of the jury." *Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d 34, 46 (2d Cir. 2015) (internal quotation marks omitted). This strict standard not only allows inconsistencies to be resolved by the jury and thereby "head[] off a second lengthy trial," *id. at 47*, but also discourages parties from "sit[ting] by silently" instead of timely raising the challenge, *Denny v. Ford Motor Co.*, 42 F.3d 106, 111 (2d Cir. 1994). Compromise-verdict claims, by contrast, may be raised after the jury is dismissed, but can succeed only where it is apparent that a verdict was reached "by means other than a conscientious examination of the evidence." *Maher v. Isthmian Steamship Co.*, 253 F.2d 414, 416 (2d Cir. 1958). The plainest example of a compromise verdict is "where damages are awarded in an amount inconsistent with the theory of liability offered at trial together with other indicia." *Atkins v. New York City*, 143 F.3d at 104.

Defendants here concede that they failed to raise a timely inconsistency challenge. Nevertheless, they recast that forfeited challenge to the different verdicts on the Trustee's

7

federal and state claims as one asserting a compromise verdict.[1]  They cite no precedent recognizing a compromise-verdict claim predicated upon alleged inconsistency.  Indeed, our case law has heretofore only identified impermissible compromise in the context of discrepant liability and damages clearly "inconsistent with the facts adduced at the trial." *Maher v. Isthmian Steamship Co.*, 253 F.2d at 416.[2]  That is not this case.  Defendants do not argue that the evidence was insufficient to support the finding in plaintiffs' favor on the state law claims.  They argue only that such a verdict is at odds with the finding against plaintiffs on the federal claim.  Thus, like the district court, we conclude that defendants cannot pursue a compromise-verdict claim because that would "sneak [a waived inconsistency claim] in through the back door," *Buchwald v. Renco Grp.*, 539 B.R. at 61–62, while undermining the principle that the jury must be given the opportunity to reconcile any apparent or alleged inconsistency in the first instance, *see Anderson Grp., LLC v. City of Saratoga Springs*, 805 F.3d at 46.

---

[1] Defendants argue for the first time in their reply brief that the district court erred in finding their inconsistent-verdict challenge waived.  Even were this argument not forfeited, *see, e.g.*, *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 131 (2d Cir. 2013), defendants' repeated refusals to raise any objection to the verdict—even after being given multiple opportunities—prior to the jury's dismissal preclude identification of abuse of discretion, *see Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 83 (2d Cir. 2006) (stating waiver standard); *Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd.*, 791 F.2d 1416, 1423 (10th Cir. 1986) (finding waiver when court inquired whether counsel had anything to raise before excusing jury and counsel replied negatively).

[2] *Stephenson v. Doe*, 332 F.3d 68 (2d Cir. 2003), relied upon by defendants, is not to the contrary.  It reasoned that "the effect of having . . . an 'out' (by finding qualified immunity) *affected the care* with which the jury conducted the excessive force inquiry," *id.* at 80 (emphasis added) (citing *Atkins v. New York City*, 143 F.3d at 104); it did not suggest that the jury compromised.

Finally, defendants' argument that the inconsistency represents an unwaivable "fundamental error" fails because we apply that standard only to purported errors in jury instructions or verdict sheets, as to which defendants here raise no objection. *See, e.g.*, *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 62 (2d Cir. 2002).

Accordingly, we affirm the district court's denial of a new trial on compromise-verdict grounds.

4. Prejudgment Interest

On cross-appeal, the Trustee argues for the first time that the district court erred in failing to use Delaware law to calculate prejudgment interest on the breach of fiduciary duty claims. While the Trustee initially provided calculations under both New York and Delaware law, its memorandum in support of prejudgment interest requested only that it be "awarded consistent with the provisions of *New York law* applicable . . . and that judgment be entered on the jury's verdict *including interest at the New York statutory rate* of 9% per annum." App'x 794 (emphasis added). In setting a rate of 6%, the district court stated that "Plaintiff's request to apply only New York law obviates the need to conduct further analysis under Delaware law" and that, "[i]f New York law is less generous than Delaware law, then Plaintiff has voluntarily chosen to forego additional prejudgment interest to which he may be entitled." *Id.* at 870 & n.1. We identify no error in this waiver determination, *see Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 98 (2d Cir. 2012) (recognizing waiver reviewed for abuse of discretion), a conclusion reinforced by the Trustee's failure to contest that determination in its motion for

9

reconsideration. Accordingly, we affirm the district court's award of prejudgment interest.

5.  Conclusion

We have considered the parties' remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the September 25, 2015 judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit